■ ALICE ROGERS et al., Appellants, v SEYMOUR R. STALL, Respondent. [606 NYS2d 412] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered September 20, 1991 in Dutchess County, which granted defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

Plaintiff Alice Rogers (hereinafter Rogers) had a Dalkon Shield brand intrauterine device installed in April 1970. On June 28, 1983 she was seen by defendant at his office for a routine gynecological examination and the removal of the Dalkon Shield. She was described as being in good health, 38 years old and without Dalkon Shield problems. It appears that she sought removal of the device because her husband had recently undergone a vasectomy. When defendant's attempt to remove the device at his office proved unsuccessful, he recommended that the removal be done at a hospital. Rogers, however, delayed going to the hospital and two days later was taken to the emergency room of a local hospital by ambulance where an associate of defendant removed the Dalkon Shield. The parties dispute the reasons for Rogers' delay in going to the hospital, the cause of her symptoms, the nature and extent of her injuries and her damages.

Plaintiffs commenced this medical malpractice action in January 1984. Following service of a bill of particulars, some discovery and the filing of a note of issue, defendant moved pursuant to CPLR 3211 (a) (2) to dismiss the complaint for lack of subject matter jurisdiction based on a prior Bankruptcy Court ruling concerning the Dalkon Shield which involved A. H. Robbins Pharmaceutical Company (herein Robbins). Plaintiffs opposed the motion. Supreme Court ruled that it lacked subject matter jurisdiction and dismissed plaintiffs' complaint, relying on the bankruptcy proceeding which, *inter alia,* established a $2.5 billion claimants' trust "to settle the claims made against A. H. Robbins related to the Dalkon Shield" *(see, A. H. Robbins Co. v Piccinin,* 788 F2d 994, *cert denied* 479 US 876; *see also,* Sixth Amended and Restated Plan of Reorganization of A. H. Robbins Company, Inc., March 28, 1988, approved by the U.S. District Court for the Eastern District of Virginia [hereinafter the Plan]). The Plan provides

that all Dalkon Shield claims are to be channeled to trusts set up under the Plan and bars any other remedy for the claims *(see, Matter of A. H. Robbins Co. v Reiser,* 131 BR 292, 293, *revd on other grounds* 972 F2d 77).

Supreme Court reasoned that "the language of the plan and particularly the portion thereof relating to the claimants' Trust together with subsequent interpretations by the coordinator of the Trust leads to the conclusion that the Trust was to compensate claimants for any and all injuries related to the use of a Dalkon Shield, even if medical malpractice contributed to or was the primary cause of those injuries". The court relied, *inter alia,* on medical records indicating that Rogers was admitted and treated for "septic shock due to IUD", an operative report showing that Rogers' diagnosis was "IUD with septic shock" and that her operation was for removal of the Dalkon Shield, and a report noting a history of "sepsis secondary to impaction of a Dalkon Shield". Supreme Court also noted that the record indicated that Rogers made a claim against the claimant's Trust that had been settled.

The gist of Rogers' claim is that while the Dalkon Shield played a significant role in her injury, it in no way caused it; rather, the medical malpractice of defendant did and, thus, according to the Plan, she has an unreleased claim which she may pursue against the provider (defendant) *(see, Matter of A. H. Robbins Co. v Reiser,* 972 F2d 77, 81). Defendant disputes Rogers' claim that the Dalkon Shield in no way caused her injury. We find that the record at this stage of the proceedings has not been fully developed on the issue of the role played by the Dalkon Shield in causing Rogers' alleged injury and damages. The present motion should therefor be converted to one for summary judgment and remitted to Supreme Court (CPLR 3211 [c]) for further proceedings.

Additionally, the affirmation of plaintiffs' attorney contains an admission that Rogers had filed a companion case (to the instant case) against Robbins which was transferred to Bankruptcy Court and settled for an alleged $750, indicating, at least facially, that Rogers is a Dalkon Shield claim holder and that the instant claim is a released claim barring judicial pursuit of her claim against defendant *(see, Matter of A. H. Robbins Co.,* 880 F2d 694, 700-702, *cert denied sub nom. Menard-Sanford v A. H. Robbins Co.,* 493 US 959; *see also, Matter of A. H. Robbins Co. v Reiser,* 131 BR 292, 293-294, *supra).* Rogers argues that a different claim was presented to the claimants' trust and therefore the instant claim is not a released claim under the Plan *(see,* Plan §§ 1.85, 8.03; *see also,*

*A. H. Robbins Co. v Piccinin, supra,* 788 F2d 994, 996; *Matter of A. H. Robbins Co., supra,* at 700-702). Rogers should be permitted to present proof supporting her position.

Plaintiffs' argument that the instant motion to dismiss pursuant to CPLR 3211 (a) (2) was not properly converted into a motion for summary judgment upon notice to the parties pursuant to CPLR 3211 (c) is now academic as this Court, in the exercise of its discretion, converts the motion into one for summary judgment and remits the action to Supreme Court for further development of the record on these issues.

The issue of whether the instant action should be dismissed pursuant to CPLR 3211 (a) (5) by virtue of Rogers' alleged settlement with the claimants' trust raised by defendant in his reply affirmation may also be developed and addressed on remittal.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, defendant's motion to dismiss pursuant to CPLR 3211 (a) (2) converted to a motion for summary judgment and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.